IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OTHELL MICHAEL WATKINS,

      Petitioner,             No. CIV S-09-0558 GGH P

    vs.

MIKE McDONALD, et al.,

      Respondents.        ORDER
_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma pauperis.

        Examination of the in forma pauperis application reveals that petitioner is unable to afford the costs of suit. Accordingly, the application to proceed in forma pauperis will be granted. See 28 U.S.C. § 1915(a).

        The petition raises two claims: 1) jury instruction error; and 2) ineffective assistance of counsel. Petitioner indicates that his ineffective assistance of counsel claim has not been exhausted.

/////

/////

1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509, 512 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

The court cannot consider petitioner's unexhausted ineffective assistance of counsel claim. Petitioner may either voluntarily dismiss this claim and proceed with the exhausted jury instruction error claim or move to stay this action while he returns to state court to exhaust the unexhausted claim.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005) the United States Supreme Court found that a stay and abeyance of a mixed federal petition should be available only in the limited circumstance that good cause is shown for a failure to have first exhausted the claims in state court, that the claim or claims at issue potentially have merit and that there has been no indication that petitioner has been intentionally dilatory in pursuing the litigation. Rhines, supra, at 277-78, 125 S.Ct at 1535.

If petitioner wishes to exhaust his ineffective assistance of counsel claim, he must file a motion for abeyance pending exhaustion addressing the factors discussed in Rhines, supra (good cause, claims meritorious, diligence in pursuing litigation). If petitioner chooses to abandon this claims, he must file a statement to that effect.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application to proceed in forma pauperis is granted;

/////

/////

/////

2. Within twenty days of the date of this order petitioner shall file either a motion to hold proceedings in abeyance pending further exhaustion or a statement of abandonment of the unexhausted ineffective assistance of counsel claim.

DATED: March 10, 2009

/s/ Gregory G. Hollows
_____
UNITED STATES MAGISTRATE JUDGE

wat558.ord